UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| DARRELL L. WHITLOCK, | |
|---|---|
| Petitioner, | |
| v. | Action No. 3:09–CV–192 |
| DIRECTOR OF THE VIRGINIA DEPT. OF CORRECTIONS, | |
| Respondent. | |

## MEMORANDUM OPINION

## I. INTRODUCTION

THIS MATTER is before the Court on the Director of the Virginia Department of Corrections' (hereinafter "Respondent") Motion to Dismiss state prisoner and petitioner Darrell Whitlock's (hereinafter "Respondent") Petition under 18 U.S.C. § 2254 for a Writ of Habeas Corpus (hereinafter "Fed. Hab. Pet."). (Doc. No. 3.) Petitioner alleges that the Supreme Court of Virginia erred in affirming the finding of the Virginia Court of Appeals that the evidence presented by the prosecution at trial was sufficient to sustain a conviction under the standards of state and Federal law. In light of this error, Petitioner claims that he is in custody in violation of the Constitution or laws or treaties of the United States. Respondent argues that Petitioner has been granted the process he is due and that his claims are without merit.

For the reasons stated below, Respondent's Motion to Dismiss is GRANTED.

## II. BACKGROUND

### A. Underlying Conviction

On June 15, 2006, Petitioner was convicted in state court of Robbery and Use of a Firearm in Commission of a Felony, receiving a sentence of 28 years with 20 years suspended. (Sent. Order of Nov. 3, 2006.) At trial, the prosecution presented the following evidence: First, the testimony of a cashier at a Radio Shack in Chesterfield County who testified that on the evening of December 28, 2005, a man fitting Petitioner's general description asked for change for a dollar, then produced a hand gun and demanded the proceeds from the register. (Tr. Trans. I, 13-15, 19-21.) At this point the cashier ran from the store. (Tr. Trans. I, 16.) Second, the testimony of an employee working in the back of the store who saw a man fitting Petitioner's description on a security camera and who heard, but did not see, the encounter. (Tr. Trans. I, 27-29.) The testimony of both witnesses confirmed that when they returned to the store after the robbery, the cash register was gone and the counter knocked over. (Tr. Trans. I, 29-30, 32-33.) The cashier reported cleaning the top of the counter regularly, and the second witness reported that it had been cleaned at approximately 3:00 p.m. that afternoon. (Tr. Trans. I, 22-25, 31, 33-34.) Third and fourth, the testimony of two fingerprint technicians, the first of whom pulled several sets of prints from the knocked over counter on which the cash register had set, and the second of whom matched two of the prints with Petitioner's fingerprints. (Tr. Trans. I, 36-44, 44-53.) Fifth, the testimony of a witness who observed a man fitting Petitioner's description running from the store carrying a gun and a box which made a jingling sound as he ran. (Tr. Trans. I, 54-55, 59, 62.) This witness also testified that the man ran to a teal green Ford Taurus

which was parked to her rear. (Tr. Trans. I, 55-57, 59-61.) Sixth, the testimony of a police detective who stopped Petitioner while he was driving a teal green Ford Taurus on January 5, 2006. (Tr. Trans. I, 64-65.) This detective placed Petitioner under arrest on an outstanding warrant and, after giving him his <u>Miranda</u> warnings, proceeded to question him regarding the robbery at Radio Shack. (Tr. Trans. I, 64-68.) The detective stated that Petitioner denied having been at Radio Shack on the day of the incident. (Tr. Trans. 67.) However, the detective did state that he observed a "job application" on the seat of Petitioner's vehicle. (Tr. Trans. 71.) On cross-examination, counsel for Petitioner attempted to elicit testimony regarding a subsequent comment Petitioner made about having gone to Radio Shack on another occasion but the prosecution successfully objected to this line of questioning. (Tr. Trans. I, 68-69.)

At the close of the prosecution's case, Petitioner's counsel made a motion to strike the prosecution's evidence, on the ground that it had not presented sufficient evidence to link Petitioner's fingerprints to the alleged robbery. (Tr. Trans. I, 73-78.) Among the grounds for this motion was Petitioner's counsel's argument that the prosecution had failed to prove that the fingerprints found on the counter were imprinted at the time of the incident. (Tr. Trans. I, 78.) Petitioner subsequently took the stand in his own defense. (Tr. Trans. I, 80-87.) Petitioner denied being present at the Radio Shack at the time of the incident and stated that he could not recall when or if he had been at the store, but that he had been at many stores during the holiday season. (Tr. Trans. I, 82, 84, 86.) After Petitioner's testimony, Petitioner's counsel again argued for dismissal on the grounds that the prosecution had not proven Petitioner's guilt beyond a reasonable doubt because they had not shown that the fingerprints could not have been left on

3

another occasion. (Tr. Trans. I, 88-93.) The trial court rejected this argument and subsequently found Petitioner guilty. (Tr. Trans. I, 93-95.)

## B. State Appeals

Petitioner appealed his conviction to the Virginia Court of Appeals alleging error by the trial court in denying the admission of Petitioner's complete statement to law enforcement, error by the trial court in denying Petitioner's Motion to Strike due to the insufficiency of the prosecution's direct evidence excluding "every reasonable hypothesis of innocence in identifying an alleged criminal agent", and error by the trial court in refusing to grant Petitioner's Motion to Set Aside the Verdict. (See, e.g., Fed. Hab. Pet. 3.) The Court of Appeals rejected each of Petitioner's points of error. (Order of May 24, 2007, Rec. No. 2864-06-2, Court of App. Va.) The court found that since Petitioner failed to proffer the excluded statements, his evidentiary point of error was waived. (Id. at 2-3.) The court next considered Petitioner's second two points of error. Reviewing the "evidence in the light most favorable to the Commonwealth" as required by state law, the court concluded that the testimony at trial was "competent, was not inherently incredible, and was sufficient to prove beyond a reasonable doubt that appellant was the person who committed the charged offenses". (Id. 3.) A three judge panel of the Court of Appeals reviewed the Order of May 24, 2007, and denied a Petition for Appeal without further comment. (Order of September 27, 2007, Rec. No. 2864-06-02, Court of App. Va.) Petitioner raised a subsequent appeal before the Supreme Court of Virginia alleging the same errors by the trial court and errors on the part of the Court of Appeals in finding that Petitioner failed to properly preserve his objection with regard to the excluded statement and in affirming the trial court's denial of the motion to strike and

4

motion to set aside the verdict. (Pet. for App. of October 30, 2007, 4-7.) After reviewing the record in the case and considering the arguments submitted in support of an appeal, the Supreme Court of Virginia denied Petitioner's appeal. (Order of March 20, 2008, Rec. No. 2864-06-02, Sup. Court of Va.). Petitioner then filed a state habeas petition alleging ineffective assistance of counsel (for failure to properly preserve objection) and error on the part of the Virginia Supreme Court in finding the prosecution's evidence sufficient to support a conviction. (State Hab. Pet. of July 3, 2008, 2.) The Supreme Court of Virginia denied the petition and granted the state's motion to dismiss, noting that Petitioner had failed to establish prejudice on his ineffective assistance of counsel claim and that his sufficency of the evidence claim was considered on a direct appeal and resolved against him. (Order of Dec. 3, 2008, Rec. No. 2864-06-02, Sup. Court of Va.)

### C. Federal Habeas Claim

After the failure of his state court appeals, Petitioner filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Fed. Hab. Pet.) Petitioner initially alleged that he had received ineffective assistance of counsel when his attorney failed to make a proffer of the balance of the statement excluded at trial and that the Supreme Court of Virginia erred in affirming that the evidence presented by the Commonwealth at trial was sufficient to sustain a conviction under the standards of federal and state law. (See Fed. Hab. Pet. 7-8.) The ineffective assistance of counsel claim was subsequently dropped after this Court issued an order to show cause as to why plaintiff's counsel in this matter did not possess a conflict of interest (present counsel represented Petitioner at trial). (See Mot. Amen. Pet. of Habeas Corpus, Doc. No. 9.)

As it currently stands, the Petition alleges that the prosecution failed to prove all elements of Petitioner's guilt beyond a reasonable doubt, because the prosecution was unable to present evidence excluding a reasonable hypothesis propounded by Petitioner as to how his fingerprints could have come to be at the place of the crime. (Fed. Hab. Pet. 8; Pet. Reply to Resp.'s Resp. 4.) Petitioner contends that such a showing was necessary to support a conviction under Virginia law where the prosecution had no evidence other than fingerprints that he had committed the crime. (Id. (citing Tyler v. Commonwealth, 154 Va. 162, 166 (Va. 1977)).) While Petitioner concedes that a "within broad limits a state court must be the one to interpret its own laws", he argues that "a totally unsupportable construction which leads to an invasion of constitutional due process is a federal matter." (Id. at 2 (citing Mullaney v. Wilbur, 421 U.S. 684, 689 (1975)).) Petitioner goes on to suggest that because the Fourth Circuit has required some showing that fingerprints of a defendant found in a public place were actually impressed at the time of an alleged crime, a conviction based on fingerprint evidence, in the absence of either direct evidence or evidence excluding all plausible theories as to how the fingerprints could have come to be at the scene of the alleged crime, constitutes a violation of the Fourteenth Amendment. (See id. at 3, (citing United States v. Corso, 439 F.2d 956, 957 (4th Cir. 1971)(probative value of an accused fingerprints upon readily movable object is highly questionable, unless it can be shown that such prints could have been impressed only during commission of crime)). Petitioner thus concludes that because the prosecution failed to produce direct evidence or evidence excluding other theories of how the fingerprints came to be on the counter, his conviction was contrary to the due process clause of the Fourteenth Amendment, involved an unreasonable

6

interpretation and application of this amendment, and is based on an unreasonable determination of the facts in light of the evidence presented in the Virginia proceeding. (Id. at 10.)

Respondent argues that Petitioner has misstated the nature of the inquiry in which this Court should engage. Respondent contends that under Jackson v. Virginia, 443 U.S. 307 (1979), when faced with a sufficiency of the evidence claim, this Court may only consider whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt", and any inquiry into the prosecution's compliance or non-compliance with Virginia's rule regarding proof is inappropriate in light of the failure of Petitioner's appeals before state courts. (Resp.'s Mot. Dis. 7; Resp.'s Rebuttal 1-2.)[1]

### III. APPLICABLE LAW

#### A. 28 U.S.C. § 2254

Habeas petitions filed under 28 U.S.C. § 2254 challenge a state's custody over a petitioner on the grounds that it violates the "Constitution or laws or treaties of the United States". § 2254(a). Prior to seeking such a petition, a person in custody must have exhausted the remedies available in state court or shown their absence or ineffectiveness. § 2254(b)(1). Once a petitioner's state remedies have been exhausted, a writ may only be granted on grounds adjudicated below where adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of,

---

[1] Respondent's initial Memorandum in support of its Motion to Dismiss focused primarily on Petitioner's ineffective assistance of counsel claim. The sufficiency of the evidence claim is addressed more fully in a subsequently filed Rebuttal. (Doc. No. 12.)

clearly established Federal law, as determined by the Supreme Court of the United States" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." §§ 2254(d)(1)&(2). In a habeas proceeding challenging a state court conviction, "a determination of a factual issue made by a State court shall be presumed to be correct" unless rebutted by "clear and convincing evidence". § 2254(e).

While there has been some dispute as to the exact nature of deference a district court should show a state court with regard to constitutional questions which turn on a mixture of fact and law, see, e.g., Wright v. West, 505 U.S. 277 (1992)(discussing, but failing to decide the issue in the context of a Virginia law regarding permissive inferences), the controlling precedent for sufficiency of the evidence claims would appear to be Jackson v. Virginia, in which the Supreme Court held that "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." 443 U.S. 307, 319 (1979); see also Wright, 505 U.S. at 298-99 (citing Jackson standard and upholding this Court's denial of habeas petition), McDaniel v. Brown, __ U.S.__, 130 S.Ct. 665, 671-72 (2010)(citing Jackson standard). As the Supreme Court reiterated in McDaniel, "a reviewing court faced with a record of historical facts that support conflicting inferences must presume–even if it does not appear in the record–that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." 130 S.Ct. at 673 (citing Jackson, 443 U.S. at 319).

Because a federal court's power to issue a writ of habeas corpus under § 2254 was limited by the Anti-Terrorism and Effective Death Penalty Act, such a writ may only issue where a state decides a question in a manner directly contrary to federal precedent or a state's application of federal law was objectively unreasonable. See Williams v. Taylor, 529 U.S. 362, 411 (2000). Similarly, a federal court must typically defer to a state court's resolution of any underlying questions of state law, unless "it appears to be an obvious subterfuge to evade consideration of a federal issue." Mullaney v. Wilbur, 421 U.S. 684, 691 (1975)(finding that statute which defined homicide as murder and required proof of an additional mitigating circumstance to allow a conviction on mere manslaughter violated due process).

### B. Sufficiency of Fingerprint Evidence

Courts in Virginia consider sufficiency of the evidence claims with a high degree of deference to the findings of the trial judge: "We must review the evidence in this case not with respect to what action we might have taken, but as to whether the evidence justified the trail judge, as a trier of the facts, in finding defendant guilty. It is our duty to regard as true all the credible evidence favorable to the Commonwealth and all fair inferences to be drawn therefrom. . . . This Court will affirm the judgment of the trial court unless it appears from the evidence that such judgement is plainly wrong or without evidence to support it." Tyler v. Commonwealth, 254 Va. 162, 165 (Va. 1997).[2]

---

[2]Under Virginia law, there is no appeal as of right from a criminal conviction, see Saunders v. Reynolds, 214 Va. 697 (Va. 1974), and the effect of a denial of a petition for an appeal operates to affirm the judgment of conviction on the merits. The Supreme Court noted this practice without apparent objection in Jackson, 443 U.S. at 311 n. 4.

In applying this standard of review, Virginia has long recognized that the presence of a criminal defendant's fingerprints at the scene of a crime only constitutes evidence that the defendant was present "at sometime" and that it must be "coupled with evidence of other circumstances tending to reasonably exclude the hypothesis that the print was impressed at a time other than that of the crime." Turner v. Commonwealth, 218 Va. 141, 146-47 (Va. 1977)(citing Avent v. Commonwealth, 209 Va. 474, 479 (Va. 1968)). Such "other circumstances" may include "the location of the print, the character of the place or premises where it was found[,] and the accessibility of the general public to the object on which the print was impressed." Id. When the Commonwealth relies solely on fingerprint evidence to identify a criminal agent, in order to prove a defendant's guilt beyond a reasonable doubt, "it bears the burden of excluding every reasonable hypothesis of innocence, that is, those which flow from the evidence itself, and not from the imagination of defendant's counsel." Tyler 254 Va. at 166 (citing Turner, 218 Va. at 148). However, as the court explained in Turner, "the prosecution is not required to affirmatively prove to a certainty that the print could not have been made other than at a time when the crime was committed." 218 Va. at 148.

In Avent, where the court upheld a conviction, the fingerprints at issue were found on a piece of a broken window inside a burglarized premises, the window in question was in a casement seven feet above street level which was not accessible to members of the general public like the defendant. 209 Va. at 474-75. In Turner the principle evidence was a bloody fingerprint matching the defendants which was found on a flashlight behind a bed in a room where a woman had been severely beaten. 218 Va. at 360-61 While no "direct evidence" linked the defendant to the scene of the crime,

10

the Turner court concluded that where defendant's bloody fingerprint was found on a flashlight covered with the victim's blood, "a logical, even compelling inference from this evidence is that the defendant was at the scene at the very time these crimes were committed." Id. In Tyler a conviction was upheld where a defendant's fingerprints were found on both sides of glass from a broken window that was leaning up against the frame within the building. 254 Va. at 162-63. After noting that the defendant had presented no "business or reason" to be within the burglarized premises, it rejected the defendant's argument that his conviction was invalid because the prosecution had failed to affirmatively disprove that he could have picked the broken glass up off the street and set it inside the window as a safety measure. Id. at 167.

While the Fourth Circuit has also questioned the probative value of fingerprints in the absence of evidence showing that they were impressed by a defendant in connection with a crime, see Corso, 439 F.2d at 957 (probative value of fingerprints on matchbook found wedged in door of robbed bank is highly questionable), it has stopped short of saying that they lack probative value per se or cannot serve as the primary basis for a conviction given sufficient other evidence. See, e.g., United States v. Burgos, 94 F.3d 849, 874 (4th Cir. 1996)(upholding conviction for possession with intent where only evidence of possession was fingerprint, in light of other evidence of intent). There does not appear to be a controlling statement on this question from the Supreme Court.

## IV. DISCUSSION

Petitioner's request for a writ, as he has developed it through his numerous filings, claims to straddle both prongs of § 2254(d). Petitioner suggests his conviction resulted in a violation of due process under the Fourteenth Amendment and that the

trial court made an unreasonable determination of the facts in light of the evidence presented. (See, e.g., Pet.'s Reply to Resp.'s Resp. 10.) While it is certainly possible that a trial court could go awry with regard to both law and facts, the stated basis for Petitioner's Habeas Petition is the error of the Supreme Court of Virginia "in affirming the finding of the Virginia Court of Appeals that the evidence presented by the Commonwealth at trial was sufficient to sustain a conviction under the standards of federal and state law" (Hab. Pet. 8) and Petitioner states that he relies on "the due process clause of the Fourteenth Amendment to the U.S. Constitution [sic] requiring proof beyond a reasonable doubt of every element of an offense to convict a defendant in a criminal case." (Pet.'s Reply to Resp.'s Resp. 2 (citing In Re: Winship, 397 U.S. 358, 361 (1970)).) In light of the arguments Petitioner has actually made, as opposed to the conclusions he has chosen to draw, and the well established precedent for treating sufficiency of the evidence claims as challenges to the legal basis for a conviction, see, e.g., Jackson, 443 U.S. at 319; Wright, 505 U.S. at 298-99; McDaniel, 130 S.Ct. at 673, it would appear that the issue properly before the Court is one arising under § 2254(d)(1) and not § 2254(d)(2). Thus, the ultimate question the Court must resolve is whether the trial court's judgment, and the Supreme Court's of Virginia's approval of that judgment "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." § 2254(d)(1).

When framed in this manner, it is clear that Petitioner's Petition must be rejected.

The first major flaw in Petitioner's sufficiency of the evidence argument is that it conflates Virginia's evidentiary prerequisites for the use of fingerprint evidence, see Tyler, 254 Va. at 166., with the constitutional requirement that guilt be proven beyond a reasonable doubt. See, e.g., Winship, 397 U.S. at 361. While this principle has been incorporated into the jurisprudence of the Fourth Circuit, see, e.g., Corso, 439 F.2d at 957, Petitioner has presented no Supreme Court precedent showing that this is "clearly established Federal law" or that a conviction in the absence of such a rule would be contrary to or an objectively unreasonable application of existing precedents. See § 2254(d)(1). Since Petitioner has already raised a sufficiency of the evidence claim at the state level, and § 2254 clearly states that "an application for a writ of habeas corpus . . . shall not be granted" with respect to any claim so treated where this threshold requirement has not been met, this deficiency suggests that Petitioner should not be granted the writ he seeks on the current filings.

The second major flaw with Petitioner's argument is that it is unclear, based on the trial transcripts, that Petitioner ever proffered a reasonable and evidence based hypothesis as to how his fingerprints came to be at the scene of the robbery. While Virginia precedents like Avent and Turner suggest that a prosecution must present evidence "tending to reasonably exclude the hypothesis that the print was impressed at a time other than that of the crime", see, e.g., Turner, 218 Va. At 146-47, later decisions have limited this burden, suggesting instead that the prosecution only "bears the burden of excluding every reasonable hypothesis of innocence . . . which flow[s] from the

evidence itself." Tyler, 2554 Va. at 166.³ It is thus possible to read Virginia law as requiring an additional showing by the prosecution only when a defendant has actually put forward an alternative explanation for fingerprint's presence at the scene of a crime.

In the portions of Petitioner's statement to detectives which were admitted, Petitioner denied ever having been to the Radio Shack in Chesterfield. (Tr. Trans. I, 67.) Petitioner later stated that he had "been in a lot stores" during the holiday period (Tr. Trans. I, 84) but at various points testified that he either could not be sure he had been to Radio Shack or could not be sure when he had been to Radio Shack. Since Petitioner's statements regarding his prior visits to Radio Shack are inconsistent at best, it would seem that the evidence required to "reasonably exclude" the possibility of an innocent explanation is either very minimal or simply unnecessary. To be sure, Petitioner has raised a number of hypotheses regarding how his fingerprints could have come to be on the counter top since the conclusion of the trial, but since these were not properly before the trial court, they cannot be considered now.⁴

The third, and almost certainly fatal, flaw with Petitioner's argument is that even if he can be said to have put forward an alternative explanation as to how his

---

³Federal Courts have similarly rejected an overly broad interpretation of their concerns regarding fingerprint evidence. See, e.g., Burgos, 94 F.3d at 874 (reaffirming absence of per se rule on admissibility)..

⁴Petitioner's counsel has emphasized this theory that Petitioner was at the Radio Shack looking for a job during each of the state appeals and during a motion for hearing on this collateral attack. While it does appear that Petitioner made a statement to this effect to the police, the detective was prevented from testifying about these portions of the statement, and, when Petitioner took the stand in his own defense, he never stated that he had been to Radio Shack, or that he had been looking for a job, despite having a clear opportunity and motive to do so.

14

fingerprints came to be on the counter, there is ample evidence linking Petitioner to the time and place of the crime. If compliance with Virginia's rules of criminal procedure regarding fingerprint evidence bears on the sufficiency of the evidence on which Petitioner was convicted, then it stands to reason that this Court must evaluate the sufficiency of that evidence with the same deference it shows to the other evidence credited by the trial court. This means that the Court must determine whether "any rational trier of fact could have found" that the evidence tended to exclude the innocent hypothesis advanced, see Jackson, 443 U.S. at 319 and "presume – even if it does not appear in the record–that the trier of fact resolved any conflicts [in the evidence] in favor of the prosecution". McDaniel, 130 S.Ct. At 673.

As the Virginia Court of Appeals noted, (see Order of May 24, 2007 at 3), when the evidence is taken in the light most favorable to the prosecution, testimony of two witnesses established that a tall, slender, African-American man walked into the Radio Shack on the evening of December 28, 2005, and, according to at least one witness, produced a gun and demanded money. After the two witnesses fled, the counter on which a cash register sat was knocked over and the register was taken. Two of Petitioner's fingerprints were found on this counter, despite an employee's cleaning of the counter one or two hours before. Another witness observed a man of the exact same description run from the store carrying a boxlike object and enter a teal green Ford Taurus and drive away. Approximately one week later, a police detective stopped Petitioner. Petitioner was driving a teal green Ford Taurus. Thus, Petitioner's protests to the contrary, the only evidence linking him to the crime is not the fingerprints, the fingerprints are merely the most direct form of evidence linking him to the place where

the crime was committed. While Petitioner has made much of the fact that fingerprints can survive multiple cleanings of the surface on which they rest, this argument was raised at trial and obviously rejected by the trial court. When the fingerprint on a recently cleaned surface are considered in light of the general descriptions given by the eye witnesses and Petitioner's possession of a car fitting the description of the getaway vehicle, the evidence tends to reasonably exclude Petitioner's alternative theories, which are based on nothing more than vague and inconsistent statements about possibly having been to the store at some point during the holiday season.

While the circumstances tending to exclude the possibility that the fingerprints were left at another time may not be as definitive as they were in Avent, where fingerprints were found on a window that was inaccessible to the public, see 209 Va. at 474, the location of the fingerprints on a recently cleaned surface suggests that they are at least as probative as the bloody fingerprints found in Turner, see 218 Va. at 360, and they are certainly more probative than the fingerprints found on glass laying inside a broken store front in Tyler, see 254 Va. at 162. While distinctions can be drawn between this case and each of the precedents cited, the Virginia courts found the prosecution's evidence legally sufficient on multiple occasions. This Court only has the authority to question such resolutions of Virginia law by Virginia courts where these resolutions are an obvious attempt to hide underlying constitutional infirmities. See Mullaney, 421 U.S. at 691. Even then, a questionable resolution of state law only constitutes a violation of federal due process when it is a "totally unsupportable construction". Id. at 689.

As the same evidence tending to exclude the possibility that Petitioner's fingerprint came to be on the counter top at some time other than the commission of the

crime supports the conclusion that Petitioner actually committed the crime, this evidence, when combined with the fingerprint itself, seems a sufficient basis on which a reasonable finder of fact could conclude that there was no reasonable doubt that Petitioner was not the robber. See Jackson, 443 U.S. at 319. The conclusion that the evidence was sufficient and that no violation of due process took place is only underlined by the fact that Virginia's standards for reviewing the sufficiency of fingerprint evidence seem similar, although admittedly not identical, to those drawn from federal law by the Fourth Circuit. Compare Turner, 218 Va. at 146 ("evidence of other circumstances tending to reasonably exclude the hypothesis that the print was impressed at a time other than that of the crime") with Corso, 439 F.2d at 957 ("probative value of an accused's fingerprints upon a readily moveable object is highly questionable, unless it can be shown that such prints could have been impressed only during the commission of the crime").

Since, when all the prosecution's evidence is credited and viewed in the light most favorable to the prosecution, a reasonable trier of fact could have found the essential elements of the crime beyond a reasonable doubt, see Jackson, 443 U.S. at 319, and there is an ample basis that the prosecution carried it's burden under Virginia law governing the use of fingerprint evidence, Petitioner's argument that his conviction constituted a violation of his rights under the Fourteenth Amendment must fail. Since his claims regarding the facts supporting his conviction were already adjudicated on the state level, this Court simply does not have the authority to issue the writ he seeks absent some other showing that his conviction was based on a violation of clearly established federal law, or an unreasonable application thereof. Moreover, on the

record before the Court, there seems little to support the conclusion that Petitioner is held in violation of the constitution, laws or treaties of the United States.

In light of the foregoing, it appears that Petitioner has failed to show that he is held in violation of the laws of the United States or that this Court even has the authority to issue the writ he seeks. While Petitioner's objections to the manner in which his trial was conducted have been vigorously and consistently pursued, they do not appear to have any real merit. The prosecution put on a strong, albeit circumstantial, case against Petitioner. Petitioner, although he had no burden to defend himself, had an ample opportunity to put forward alternative explanations as to how his fingerprints came to be at the scene of the crime and failed to do so. This failure strongly suggests that Petitioner's belatedly advanced theories as to visiting the store on a job hunt are either speculation or fabrication.

## V. CONCLUSION

For the reasons stated above, Respondent's Motion to Dismiss shall be GRANTED. As there is no need to further develop the factual basis for the claims asserted, Petitioner's Motion for an Evidentiary Hearing shall be DENIED. Petitioner's Federal Habeas Petitioner shall also DISMISSED.

An appropriate Order shall issue.

/s/
James R. Spencer
Chief United States District Judge

ENTERED this 31st day of March 2010